## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CLARENCE SHELBY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **WASTE MANAGEMENT,** | § | **SA-11-CV-0008 FB** |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

**TO:   Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation recommends dismissing this case. Previously, the district judge referred to me plaintiff Clarence Shelby's motion to proceed in forma pauperis (IFP).[1] In considering the motion, I observed that this case is appropriately dismissed under 28 U.S.C. § 1915(e). Section 1915(e) directs the court to dismiss an IFP proceeding at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted.[2] Similarly, the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed

---

[1]Docket entry # 1.

[2]28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

is fair.'"[3]  Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

Shelby seeks to sue defendant Waste Management.  In considering Shelby's motion, I observed that in Cause No. SA-09-CA-175, U.S. District Judge Orlando Garcia directed that "any future attempts [by Shelby] to file a civil claim or proceed IFP on a civil claim against 'Waste Management' or any related entity based on [Shelby's] past employment or on-the-job injury shall result in summary dismissal by the Court."[4]  U.S. District Judge Royal Furgeson issued a similar directive in Cause No. SA-08-CA-45: "Plaintiff is also prohibited from filing lawsuits against any Waste Management entity in the future concerning his previous employment with Waste Management."[5]  Because these directives are clear about the consequences of continuing to sue Waste Management, Shelby's motion presents the following question: Does Shelby seek to sue Waste Management or any related entity based on Shelby's past employment or on-the-job injury?  The documents presented with Shelby's motion answer the question—the answer is "yes."

The first document is titled "complaint."  The document states that the case is a "civil rights jobs" case.  The document refers to Waste Management as Shelby's former employer and his on-the-job injury.  The document further states that "[t]his is the second employment

---

[3]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[4]*See* Cause No. SA-09-CV-175, docket entry # 7, p. 2.

[5]*See* Cause No. SA-08-CV-0045-RF, docket entry # 16.

discrimination case filed by Clarence Shelby against Waste Management of Texas." The document asks that Waste Management be cited to appear in court and answer Shelby's complaint. This document shows Shelby seeks to sue Waste Management based on Shelby's past employment and/or on-the-job injury, an action barred by Judge Garcia and Judge Furgeson.

While Shelby's complaint is sufficient to show that Shelby seeks to sue Waste Management based on Shelby's past employment and/or on-the-job injury, Shelby submitted other documents that confirm the same. For example, one document refers to various pleadings filed in Shelby's prior lawsuits against Waste Management. Notably, the document refers to Judge Garcia's warning that future attempts by Shelby to file a civil claim or proceed IFP on a civil claim against Waste Management or any related entity based on Shelby's past employment or on-the-job injury will be dismissed. The same document refers to Judge Furgeson's order prohibiting Shelby from filing future lawsuits against any Waste Management entity concerning his previous employment with Waste Management. Remaining documents include: (1) the undersigned's report in Cause No. SA-09-CV-977, recommending dismissal as another attempt to file a civil claim or proceed IFP on a civil claim against Waste Management or any related entity based on Shelby's past employment or on-the-job injury; (2) the police accident report about the on-the-job traffic accident that caused Shelby's injury; (3) a Texas Worker's Compensation Work Status Report reporting that Shelby could not return to work as a result of the accident; (4) attorney correspondence with the Social Security Administration about offsets resulting from Shelby's settlement of worker's compensation claim; (5) Shelby's April 5, 2005 EEOC charge questionnaire, naming Waste Management as employer; (6) Waste Management's original answer in a prior case against Waste Management; and (7) Judge Furgeson's dismissal

orders in some of Shelby's prior cases against Waste Management.

**Recommendation**.  Taken together, the documents leave no doubt that Shelby seeks to sue Waste Management based on his past employment and his on-the-job injury.  Judge Garcia and Judge Furgeson have barred such claims.  Pursuing a barred claim is frivolous.  Consistent with Judge Garcia's directive, I recommend DENYING Shelby's motion (docket entry # 1) and DISMISSING this case as an "attempt[] [by Shelby] to file a civil claim or proceed IFP on a civil claim against 'Waste Management' or any related entity based on [Shelby's] past employment or on-the-job injury."[6]  To the extent that Shelby may complain about a lack of notice that the court is considering dismissing this case, Shelby should treat this report and recommendation as notice.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[7]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and

---

[6]*See* Cause No. 09-CV-175, docket entry # 7, p. 2.

[7]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[8]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[9]

**SIGNED** on January 11, 2011.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[9]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).